109 U.S. 477
 3 S.Ct. 314
 27 L.Ed. 1003
 SCHOTT
v.
HUDSON, Assignee, etc.
 December 10, 1883.
 
 Don M. Dickinson, for appellant.
 H. C. Wisner and W. F. Cogswell, for appellees.
 BLATCHFORD, J.
 
 
 1
 The facts in this case differ from those in Leroux v. Hudson, herewith decided, [ante, 309,] as set forth in the opinion in that case, only in the following immaterial respects: The goods seized were in the hands of Max Schott, in his store at East Saginaw, Saginaw county, Michigan, and had been transferred to him by the debtors. The marshal, Matthews, assisted by John E. Wells, a deputy, seized them on March 29, 1878. Max Schott, on the sixth of April, commenced an action of trespass in the circuit court for Saginaw county, Michigan, against Matthews and Wells, to recover $25,000 damages for the acts of the defendants in breaking and entering the store at East Saginaw, and taking therefrom and carrying away goods of the plaintiffs of the value of $20,000, and converting the same to their own use, and preventing the plaintiffs from carrying on their lawful business in the store. After the defendants in the trespass suit had appeared therein by attorney and demanded a trial, and given the like notice of defense as was given in the suit for trespass brought by J. Leroux & Co., nothing further was done in the suit. In October, 1878, Hudson, (the assignee,) Matthews, (the marshal,) and Wells filed a bill in equity in the circuit court of the United States for the eastern disirict of Michigan against Max Schott, making the like allegations, mutatis mutandis, as to the goods taken from Max Schott, as were made in the bill filed by J. Leroux & Co. in regard to the goods taken from them, and containing a like prayer for relief and for an injunction. Like proceedings took place, except that a demurrer was embodied in the answer instead of being filed separately. The answer was of a like character, the proofs and protest were identical, and a like decree was entered, from which the defendant appealed.
 
 
 2
 
 The decree of the circuit court is reversed, and the cause is remanded to that court, with direction to dismiss the bill.
 
 
 
 3
 The same questions are involved as in Leroux v. Hudson, the facts are substantially the same, and the same conclusions are reached. The decree of the circuit court is reversed, and the cause is remanded to that court, with direction to dismiss the bill.